UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JORGE ALFONSO MARTINEZ-ANGELES,

Petitioner,

v.

WARDEN OF THE CALIFORNIA CITY DETENTION FACILITY, et al.,

Respondents.

Case No. 1:26-cv-06098-JLT-HBK (HC)

FINDINGS AND RECOMMENDATIONS TO GRANT RESPONDENTS' MOTION TO DISMISS[1]

(Doc. 1, 18)

FOURTEEN-DAY OBJECTION PERIOD

Petitioner Jorge Alfonso Martinez-Angeles, an immigration detainee proceeding pro se, seeks a writ of habeas corpus under 28 U.S.C. § 2241. (Doc. 1, "Petition"). He contends that his continued detention under 8 U.S.C. § 1226(a) has become unreasonably prolonged in violation of his due process rights and requests, *inter alia*, immediate release. (*Id*. at 17). Respondents move to dismiss, contending Petitioner failed to exhaust administrative remedies and that the procedures governing his detention satisfy due process. (Doc. 18). Petitioner elected not to file a reply.

Petitioner previously received a counseled bond hearing at which an immigration judge

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Cal. 2026).

denied release on a finding that he presented both a danger to the community and a flight risk. The question is whether, in light of his continued detention and the procedures afforded to him, Petitioner has established a statutory or constitutional entitlement to habeas relief. For the reasons below, the undersigned recommends granting Respondents' motion to dismiss.

## I. BACKGROUND

Petitioner is a native and citizen of Mexico. He entered the United States without inspection at or near an unknown place on an unknown date. (Doc. 18-1). According to the record in his earlier habeas proceedings, Petitioner has a criminal history including arrest and charges for failure to appear, arrest and charge with possession of narcotic equipment, and arrest and charge for no valid driver's license. (*See* Case No. 1:26-cv-02193-JLT-HBK, at Doc. 9; Doc. 18-2).

On April 7, 2025, Petitioner was encountered at the Walton County Jail in DeFuniak Springs, Florida, and a detainer was lodged with Walton County Sheriff's Office. (Doc. 18-2). On April 9, 2025, U.S. Citizenship and Immigration Services ("USCIS") issued a Notice to Appear charging him as removable under 8 U.S.C. § 1182(a)(6)(A)(i) (alien entry without inspection). (Doc. 18-1 at 2).

Petitioner filed his first habeas petition on March 20, 2026, along with a motion for temporary restraining order. (*See* Case No. 1:26-cv-02193-JLT-HBK at Doc. 1, 2). The district judge denied the motion as untimely. (*Id*. at Doc. 5). On April 20, 2026, the court granted the petition, finding Petitioner's re-detention without a pre-deprivation hearing violated the Due Process Clause of the Fifth Amendment, and directed Respondents to provide Petitioner with a bond hearing under § 1226(a). (*Id*. at Doc. 9).

Petitioner thereafter received a bond hearing before an immigration judge ("IJ"), at which he was represented by counsel. In an order dated May 11, 2026, the IJ denied bond, after finding that Petitioner presented both a danger to the community and a flight risk. (Doc. 18-3 at 3-7). Petitioner reserved the right to appeal, but the record does not reflect that he appealed the custody determination to the Board of Immigration Appeals (BIA).

Petitioner's claim that his application for cancellation of removal was granted (Doc. 1 at

5), is refuted by the record. On June 5, 2026, an IJ granted DHS' motion to pretermit and denied Petitioner's applications for asylum and withholding of removal and ordered Petitioner removed to Mexico. (Doc. 18-4 at 3-13). Petitioner timely filed an appeal of the IJ decision to the BIA. (Doc. 18-5).

Petitioner filed this Petition on August 3, 2026. (Doc. 1). On September 8, 2026, Respondents filed a motion to dismiss the Petition. (Doc. 18). On September 23, 2026, Petitioner moved for a temporary restraining order. (Doc. 19). On September 25, 2026, the district judge denied the motion noting that nothing in the filing caused the Court to question its prior determination that the issues raised could have been brought earlier by way of regularly scheduled motion. (Doc. 22).

Petitioner remains detained in the California City Detention Facility in California City, California. (Doc. 1 at 2).

## II. APPLICABLE LAW

### A. Habeas Jurisdiction

A district court may grant a writ of habeas corpus when the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). District courts retain jurisdiction under 28 U.S.C. § 2241 to immigration detention that are sufficiently independent of the merits of a removal order. *Lopez-Marroquin v. Barr*, 955 F.3d 759, 759 (9th Cir. 2020) (citing *Singh v. Holder*, 638 F.3d 1196, 1211–12 (9th Cir. 2011)); *see also Jennings v. Rodriguez*, 583 U.S. 281, 294 (2018).

### B. Prudential Exhaustion

Although 28 U.S.C. § 2241 does not expressly require exhaustion, courts generally require petitioners, as a prudential matter, to exhaust available judicial and administrative remedies before seeking habeas relief. *Laing v. Ashcroft*, 370 F.3d 994, 997 (9th Cir. 2004); *Ward v. Chavez*, 678 F.3d 1042, 1045 (9th Cir. 2012).

Prudential exhaustion may be appropriate when agency expertise is necessary to develop the record, excusing exhaustion would encourage deliberate circumvention of the administrative process, or administrative review could correct agency error and eliminate the need for judicial

intervention. *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007). A court may excuse exhaustion when available remedies are inadequate, irreparable injury may result without immediate judicial relief, or exhaustion would be futile. *Laing*, 370 F.3d at 1000-01.

C. Detention Under § 1226

Section 1226(a) authorizes detention pending a decision on removal and permits release on bond or conditional parole. *Rodriguez Diaz v. Garland*, 53 F.4th at 1196 (9th Cir. 2022).

A detainee detained under § 1226(a) may request a custody redetermination before an IJ and ordinarily bears the burden of establishing that release is warranted. *Jennings*, 583 U.S. at 306; *Matter of Guerra*, 24 I.& N. Dec. 37, 40 (B.I.A. 2006); *Ortega-Cervantes v. Gonzales*, 501 F.3d 1111, 1115 (9th Cir. 2007). An adverse custody detention may be appealed to the Board of Immigration Appeals. 8 C.F.R. § 236.1(d)(3). After an initial bond redetermination, a detainee may also submit a written request for a subsequent custody redetermination upon a showing of materially changed circumstances. 8 C.F.R. § 1003.19(e); *Rogriguez Diaz*, 53 F.4th at 1197.

D. Procedural Due Process

The Fifth Amendment protects persons within the United States, including noncitizens, from deprivation of liberty without due process of law. *Trump v. J.G.G.*, 604 U.S. 670 (2025) (citing *Reno v. Flores*, 507 U.S. 292, 305 (1993); *Zadvydas v. Davis*, 533 U.S. 678, 693-94 (2001). The process required depends on the nature of deprivation and the circumstances of the case. *Zadvydas*, 533 U.S. at 693.

In *Rodriguez Diaz*, the Ninth Circuit assumed without deciding that the framework set forth in *Mathews v. Eldridge*, 424 U.S. 319 (1976), governed a due process challenge to continued detention under § 1226(a) following an initial bond hearing. 53 F.4th at 1206-14. That framework considers the private interest affected, the risk of erroneous deprivation under existing procedures and the probable value of additional safeguards, and the government's interests, including the burdens additional procedures would entail. *Mathews,* 424 U.S. at 335.

III. ANALYSIS

A. Prudential Exhaustion

Respondents argue Petitioner was required to appeal the IJ's bond determination to the

BIA before seeking habeas relief. (Doc. 18 at 3). The record does not reflect that Petitioner pursued such an appeal. That omission would be significant if he sought correction of an error that the BIA could address in reviewing the IJ's custody determination.

Liberally construed, however, the Petition principally challenges the constitutional adequacy of continued detention under the existing procedural framework, rather than merely disputing the IJ's assessment of danger or flight risk. (*See* Doc. 1). The Court recommends exercising it discretion to excuse prudential exhaustion for purposes of resolving that legal challenge. *See Hernandez v. Sessions*, 872 F.3d 976, 989 (9th Cir. 2017) (waiver of exhaustion requirement proper because petitioner raised a purely legal challenge); *see also, e.g., Gagik T. v. Chestnut*, 2026 WL 1837413, at *2 (E.D. Cal. June 25, 2026) (prudential exhaustion factors weigh against exhaustion when petitioner asserts procedural due process claim).

The Court's decision to excuse exhaustion does not establish that the procedures available to Petitioner were inadequate. Whether a court may waive administrative review and whether the remedy provides a meaningful procedural safeguard are distinct questions. The Court therefore considers the Petition on the merits while accounting for the review mechanisms available under § 1226(a).

B. The Duration of Petitioner's Detention Does Not Establish a Statutory Entitlement to Release or an Additional Bond Hearing

To the extent Petitioner contends that the Immigration and Nationality Act requires release or another bond hearing solely because his detention has become prolonged, *Jennings* forecloses that statutory theory. There, the Supreme Court held that § 1226(a) does not require periodic bond hearings at six-month intervals at which the government must establish the necessity of continued detention by clear and convincing evidence. 583 U.S.C. at 306. The Court left the constitutional questions for consideration on remand. *Id.* at 312.

Accordingly, Petitioner has not established a statutory entitlement to release or a further bond hearing due to his prolonged detention. Whether his continued detention violates due process requires separate consideration.

////

C. Petitioner Has Not Established That the Procedures Afforded and Available to Him Are Constitutionally Inadequate

Petitioner characterizes his detention as prolonged and indefinite and contends that continued detention violates due process. (Doc. 1 at 2). The question, however, is not simply whether detention has continued for a "prolonged" period, but whether the procedures afforded and available to him adequately protect against erroneous continued confinement.

*Rodriguez Diaz* provides the governing framework. There, the Ninth Circuit considered whether a person detained under § 1226(a), who had already received a bond hearing, was constitutionally entitled to a second hearing at which the government would bear the burden of proof by clear and convincing evidence. 53 F.4th at 1193. Applying *Mathews*, the court rejected the facial and as-applied challenges presented. *Id*. at 1206-14. Its analysis considered not only the duration of detention, but also the initial individualized hearing, the opportunity for administrative appeal, and the availability of a subsequent custody redetermination upon materially changed circumstances. *Id*.

As in *Rodriguez-Diaz*, the Court assumes without deciding that the *Mathews* framework applies. Under that framework, Petitioner has not established that the procedures afforded and available to him are constitutionally inadequate on the present record.

1. Petitioner's liberty interest favors additional protection.

Petitioner's interest in freedom from physical confinement is substantial. Continued civil detention imposes a significant deprivation of liberty, and the Court does not discount that deprivation because Petitioner previously received a bond hearing. As in *Rodriguez-Diaz*, the Court assumes that the detention at issue is prolonged. *Id*. at 1207. Thus, the first *Mathews* factor weighs in Petitioner's favor

2. Petitioner has not demonstrated that the existing procedures create a constitutionally unacceptable risk of erroneous continued detention.

Following relief in his earlier habeas proceeding, Petitioner appeared with counsel before an IJ for an individualized bond hearing. The IJ denied bond based on a finding that Petitioner presented both a danger to the community and a flight risk. (Doc. 18-3). Thus, this is not a case

in which detention has continued without an individualized custody determination.

Petitioner does not challenge the IJ's bond-hearing findings. In fact, he incorrectly asserts that he has been detained without having had an individualized bond hearing. (See Doc. 1 at 2, ¶ 2). Nonetheless, these procedures include administrative review of the adverse custody determination. Petitioner reserved the right to appeal, but the record does not reflect that he pursued an appeal to the Board of Immigration Appeals. (Doc. 18-3). The availability of administrative review is relevant to the adequacy of the procedural framework. Although Petitioner's failure to pursue that review does not independently establish that his continued detention is unconstitutional, it does, however, undermine an argument that the governing framework afforded no meaningful opportunity to correct an erroneous custody determination. *See Rodriguez Diaz*, 53 F. 4th at 1211-13.

The regulations also permit Petitioner to request a subsequent custody redetermination upon a showing of materially changed circumstances. 8 U.S.C. § 1003.19(e). That mechanism provides an avenue to present developments bearing on the continuing validity of the dangerousness and flight risk determinations. Petitioner has not shown that this mechanism is unavailable to him or constitutionally inadequate to address a material change in his circumstances.

The Court does not minimize the burden of continued confinement nor hold that an initial bond hearing necessarily satisfies due process for all subsequent detention. Rather, on the record presented, Petitioner has not demonstrated that the individualized bond hearing, available administrative review, and opportunity to seek redetermination leave a constitutionally unacceptable risk of erroneous continued confinement. Nor has he shown that the passage of seven months since his bond hearing, without more, requires additional procedures or warrants a different result under *Rodriguez Diaz*. *See also Jose Pablo Hernandez Cortez v. Warden, California City Immigration Processing Center*, 2026 WL 2869777, at *3 (E.D. Cal. Sept. 23, 2026).

////

////

3. The government's interests weigh against requiring additional procedures on the showing made.

The government has an "obvious interest in 'protecting the public from dangerous criminal aliens.'" *Rodrigues Diaz*, 54 F.4th at 1208. It similarly has a substantial interest in securing Petitioner's appearance in removal proceedings and his availability for removal if removal is ultimately ordered. *Id.* at 1208-11. Here, the IJ made an individualized finding that Petitioner presented both a danger to the community and a flight risk. Those findings are relevant to the custody determination and connects the government's general enforcement interest to the custody determination in this case.

4. The balance of factors does not establish a due process violation on this record.

Petitioner's substantial liberty interest weighs in his favor. Considered together, however, the existing safeguards and the government's interest do not establish that due process requires a further hearing or renewed justification solely because detention has exceeded six months. Under *Rodriguez Diaz*, the duration of detention does not, standing alone, establish the constitutional inadequacy of the procedures afforded and available here.

D. Petitioner's Request for Consideration of Alternatives to Detention Does Not Establish Entitlement to Habeas Relief

Petitioner also generally argues that due process requires consideration of alternatives to detention. (Doc. 1 at 15-16). Section 1226(a) permits release on bond or conditional parole, but the availability of those alternatives does not establish that Petitioner is entitled to release or to a new custody hearing in this proceeding.

The IJ denied bond based on a finding of danger to the community and flight risk. (Doc. 18-3). The record described above does not establish whether, or to what extent, particular alternatives were presented and considered at the hearing. As presented, Petitioner's general request for alternatives does not identify a specific defect in the hearing or establish why the available procedures for administrative review and custody redetermination are constitutionally insufficient. Thus, it does not supply an independent basis for habeas relief.

////

## IV. CONCLUSION

Petitioner received a counseled bond hearing under § 1226(a), had an opportunity to seek administrative review, and may seek a subsequent custody redetermination upon the showing of materially changed circumstances. Although his continued detention implicates a substantial liberty interest, he has not established that the procedures afforded and available to him are constitutionally inadequate under the circumstances presented. Nor has he established a statutory entitlement to release based solely on the duration of detention.

Accordingly, IT IS RECOMMENDED that**:**

1. Respondents' Motion to Dismiss (Doc. 18) be GRANTED to the extent the Petition is denied on its merits.
2. The Clerk of Court be directed to enter judgment and close this case.

## NOTICE TO PARTIES

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court. *Id.*; Local Rule 304(b). The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and shall not exceed fifteen (15) pages. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C). A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

Dated: November 18, 2026

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE